(No. 2749, March 6, 1924.  Rehearing Denied March 27, 1924.)

## M. J. O'FALLON SUPPLY CO. v. TAGLIAFERRO et al.

### (SYLLABUS BY THE COURT.)

1.  A defendant surety on a contractor's bond may show the existence of a condition that another, whose name appears as surety in the body of the bond, should likewise sign, imposed at the time of its execution, where such bond is not perfect on its face at the time of its delivery to the obligee because not signed by the other proposed surety, although the obligee has no actual knowledge of the condition.

2.  Whether or not a contractor's bond contained the name of another proposed surety in the body thereof at the time of its execution and delivery is a material question of fact which should be submitted to the jury, the evidence being conflicting, where there is evidence that the defendant sureties executed the bond on condition that it should not be delivered until such other proposed surety should have executed the same.

3.  The fact that a contractor's bond, at the time of its delivery, contains the name of a surety, other than those who have signed, is sufficient to put the obligee on notice that the surety may have signed on condition that all who are named with him in the bond should likewise sign, where the surety actually signed on that understanding.

4.  Evidence of the known good financial standing of a proposed surety is admissable, within the sound discretion of the court, as a circumstance tending to corroborate the testimony of the executing sureties that they had executed and delivered the bond on condition that it should also be executed by such proposed surety.

5.  Rejected evidence examined, and **held** to be heresay and properly excluded.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by the M. J. O'Fallon Supply Company against F. Tagliaferro and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded for new trial.

George S. Klock, of Albuquerque, for appellant Totti.

Geo. S. Downer, of Albuquerque, for appellant Tagliaferro.

E. W. Dobson, of Albuquerque, for appellee.

### OPINION OF THE COURT.

BOTTS, J. Action by the obligee against the sureties on a contractor's construction bond. The defense is that the bond was executed by said sureties upon condition that a third person named therein should also join as surety. The court, on motion of the obligee, struck out the testimony concerning the conditional execution, and directed a verdict against the sureties on the theory that the obligee had no actual notice of the conditional nature of the execution. The sureties challenge that ruling of the court on this appeal.

The evidence is uncontradicted that the principal in said bond went with the manager of the obligee, appellee here, to the law office of Colonel Dobson for the purpose of having the bond prepared. The names of several proposed sureties were suggested by the principal, and, finally, by agreemnt, the name of Toti, one of the appellants here, and that of Bonaguidi were inserted in the body of the bond and also in the form for justification of sureties. The principal then took the bond away with him, and later returned to the office of appellee, and informed the manager that Bonaguidi was out of town, and suggested the name of Taliaferro as surety in his place. This substitution was agreed to, and again the manager and the principal went to the office of Colonel Dobson, where Bonaguidi's name was erased, and the name of Tagliaferro, the other appellant here, was substituted.

[1]    The conflict in the evidence is as to whether or not the appellants had executed the bond before the substitution of Tagliferro's name for that of Bonaguidi, or afterwards.    Both of the appellants testified that Bonaguidi's name appeared in the bond as originally prepared at the time the same was presented to them for signature, that they executed the same upon distinct understanding that Bonaguidi should also execute it, and that the bond was delivered by each of them to the principal upon that condition.    The manager of the appellee and Colonel Dodson both testified that at the time of the substitution of names no one had executed the bond.    Thus there is a well-defined issue of fact, but the court did not err in taking the case from the jury, unless these facts in issue are material.    For the purpose of testing the materiality of such facts, we must necessarily assume, for the moment, that the testimony of the appellants is true.

[2, 3]    The question before us is whether the sureties may show the existence of a condition that another, whose name appears as surety in the body of the bond, should likewise sign, imposed at the time of its execution, where such bond is not perfect on its face at the time of its delivery to the obligee because not signed by the other proposed surety, the obligee having no actual knowledge of the condition.

As the court below well said there is a contrariety of of opinion on this proposition, but we believe that the question has been settled by this court in the case of Hendry v. Cartwright, 14 N. M. 72, 89 Pac. 309, 8 L. R. A. (N. S.) 1056, where Justice Pope, speaking for the court in a very exhaustive opinion, reviewed the several lines of authority and the cases supporting each, and used language which is particularly applicable to the instant case. He said:

"This is confessedly a case in which the obligee had no actual knowledge of the limitation imposed by the surety upon his liability. If he is to be relieved from liability therefore it must be upon constructive notice and whether

there was this depends in turn upon whether the bond was complete and perfect on its face, or whether it was so incomplete as to put the obligee on inquiry as to whether there was any condition imposed by one of the sureties. What will constitute upon the face of the bond such ground for inquiry and consequently such notice of all that the inquiry would have ascertained has been the source of considerable discussion by the courts. The greater number of decisions deal with cases where the bond contains the names of sureties other than those who have signed and in this class of cases following the Pawling Case, supra, it has been uniformly held that this feature of a bond is sufficient to put the obligee on notice that the surety may have signed on condition that all who are named with him in the bond should likewise sign, and that where the surety actually signed on that understanding, the condition as a fact, and notice of the condition as a matter of law both being present, the surety is relieved."

Reasoning by analogy from this conclusion, the territorial court held that the fact of an injunction bond not being acknowledged, as required by rule of court, was sufficient to put the obligee on inquiry which would have led to a discovery of the condition imposed by the surety at the time of his execution of the bond. We see no occasion for further examination or analysis of the many cases cited by the territorial court and by council in this case. We are convinced that the opinion in the Hendry Case correctly states the rule to be applied to the present situation. It follows, therefore, that, if Bonaguidi's name appeared in the body of the bond as one of the sureties at the time of the execution and delivery by the appellants, the appellee was put on inquiry which would have led to a discovery of such conditions, if any as had been imposed by the sureties. Whether or not this was the codition of the bond at the time it was signed was a material question of fact upon which the testimony was conflicting, and should have been submitted to the jury for decision. The court erred, therefore, in striking this evidence and withdrawing the case from the consideration of the jury.

[4] Appellants offered to show that they were acquainted with Bonaguidi's financial condition, and re-

garded it as good, and that such financial condition was one of the reasons for their conditional execution. Upon objection the court excluded this evidence. This ruling was apparently on the theory that at the time of the offer the evidence was immaterial. The offer was made during the examination in chief of the appellants, after they had testified positively to the condition on which they had executed and delivered the bond, at which time no attack had been made on their testimony. We were at first inclined to agree with the lower court that the evidence was then inadmissible. The issue was whether the appellants did, in fact, impose such a condition, not their reason for so doing. But, on more mature deliberation, we have concluded that the reason of the appellants for imposing the alleged condition is a circumstance which the jury should well have been permitted to consider in determining whether or not the condition was in fact imposed. If the alleged condition was a reasonable one, the testimony of the appellants that they had imposed it would thereby, to some extent, be corroborated; if unreasonable, doubt would thereby be cast on the truth of such testimony. True, as argued by appellee, the undertaking was joint and several, so that, as between the sureties and the obligee, the financial responsibility of one proposed surety was of no importance to another; but, as between themselves, the sureties would have the right of contribution in event of default, which would make the known financial responsibility of one proposed surety of considerable consequence to another. One of the principal issues was whether or not the alleged condition was imposed. The appellants testified that it was. If they were sure they would be believed in this particular, there would have been no occasion for their offering the the testimony now under consideration; but, at the then stage of the trial, they could have no such assurance, and were entitled, within reasonable limits, to show such circumstances as would tend to make their testimony more probable, just as their adversary might

have shown circumstances tending to make such testi-money less probable. Chamberlayne Mod. Ev. §§ 52 and 1755; Jones Blue Book, §§ 137c, 138. It is true a sound judicial discretion largely controls the admissibility of evidence of this character (Chamberlayne, § 548; Jones, § 139), and for this reason we would hesitate to reverse the case if the one now under consideration were the only error, there being no argument put forward that there has been an abuse of discretion, but we believe, in view of what we have said, on a new trial the evidence will be admitted by the court, if properly offered.

[5] The appellants offered to prove by Bonaguidi, as a witness, what was said by the principal obligor when the bond was presented by the latter to the former with the request for execution. It does not appear that the court refused to permit the appellants to show by Bonaguidi what the condition of the bond was at the time it was presented to him, and it appears clear to us that what was said by the parties to that conversation would be pure hearsay and inadmissable. The court did not err in excluding the evidence.

The other assignments of error depend upon the question of the court's error in directing the verdict, and need not be especially considered.

For the reasons stated, the judgment of the court should be reversed, and the cause remanded for a new trial; and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.