461 P.2d 155

OHIO CASUALTY INSURANCE COMPA-
NY, a corporation, Plaintiff-Appellee,

v.

LAMY COLUMBUS CLUB, a corporation,
and Patricia Mengrone, Defend-
ants-Appellants.

No. 8828.

Supreme Court of New Mexico.

Nov. 10, 1969.

Thomas E. Jones, Albuquerque, for
Lamy Columbus Club.

Quincy D. Adams, Albuquerque, for
Patricia Mengrone.

LeRoi Farlow, Albuquerque, for appel-
lee.

OPINION

COMPTON, Justice.

The appellant, Patricia Mengrone, brought an action against the appellant, Lamy Columbus Club, for damages for injuries sustained by her when a chair furnished her by the Club for the playing of bingo collapsed. The accident occurred in February, 1966, and the Club, disclaiming any knowledge of the accident and injury, did not give written notice to appellee of the accident and injury until some time in November, 1967, after it had been sued by Patricia Mengrone. Thereupon, appellee instituted this action for a declaratory judgment under the terms of a liability insurance policy theretofore issued by it to the Club. Issue was joined; the Club sought additional relief by counterclaim and cross-claim against appellee.

Upon consideration of the pleadings, affidavits and various depositions, the trial court sustained the appellee's motion for summary judgment, and this appeal followed. The court did not state specifically the basis of its judgment but we think it is clear that summary judgment was based on the failure of Lamy Columbus Club to give timely written notice of the accident and injury sustained by the appellant Mengrone. The policy requires that:

"9. Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Viewing the same record as did the trial court, we conclude that there still exist material issues of fact whether the Club had knowledge of the accident, and, if so, whether the injury sustained by the appellant Mengrone was of such a nature that delay by the Club in giving written

notice of the accident to the insurer was excused. These issues cannot be determined as a matter of law. Compare Simon v. Wilson, 78 N.M. 491, 432 P.2d 847; Watson v. Western Casualty and Surety Company, 72 N.M. 250, 382 P.2d 723; Agnew v. Libby, 53 N.M. 56, 201 P.2d 775. In Watson v. Western Casualty and Surety Company, supra, we said:

> "The absence of an apparent injury is sufficient excuse for delay in giving notice to the insurer, where there is no reasonable ground for believing at the time that bodily injury would result from the accident, even where the insured knows of the accident upon which a later claim for damages is based. * * *"

The judgment is reversed and remanded with directions to the trial court to reinstate the case on the trial docket for trial on its merits.

It is so ordered.

WATSON, J., and MUSGROVE, D. J., concur.