467 P.2d 403

**LAS CRUCES COUNTRY CLUB, INC.,**
a New Mexico Corporation, Plain-
tiff-Appellee,

v.

**CITY OF LAS CRUCES, New Mexico, a mu-**
nicipal corporation; and City Commission
of the City of Las Cruces, New Mexico, De-
fendants-Appellants.

No. 8880.

Supreme Court of New Mexico.

Feb. 2, 1970.

Rehearing Denied April 8, 1970.

George Richard Schmitt, Las Cruces, for appellants.

Crouch & Lenko, Las Cruces, for appellee.

OPINION

COMPTON, Justice.

This is an action to have a paving assessment of $6,679.64 levied by the defendant, City of Las Cruces, against the land of the plaintiff, Las Cruces Country Club, invalidated. Plaintiff's complaint alleges that its property will not be benefited by the assessment but will be damaged thereby. It also alleges that the defendant in making the assessment failed to comply with the provisions of § 14–19–5(D), N.M.S.A. 1953, with regard to approval by municipal planning authority. Issue was joined on both issues.

The city had planned to extend and pave Solano Street, thereby connecting Solano Street directly with State Highway 70. The plaintiff's land abuts this extension. Both parties move for summary judgment and upon consideration of the pleadings, depositions and supporting affidavits of both parties, plaintiff's motion was granted, and defendant has appealed.

■ It is well established that in considering a motion for summary judgment, pleadings, affidavits and depositions must be viewed in their most favorable aspect in support of the party opposing the motion and his right to a trial on the issues. If there is the slightest doubt as to the existence of material factual issues, summary judgment should be denied. Ohio Casualty Insurance Co. v. Lamy Columbus Club, 80 N.M. 740, 461 P.2d 155; Institute For Essential Housing, Inc. v. Keith, 76 N.M. 492, 416 P.2d 157; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138.

■ Tested by this rule, summary judgment must be reversed. The record presents a material conflict as to benefits to appellee's land resulting from the assessment. Prior to granting summary judgment, the trial court viewed the premises

involved and found by memorandum decision that "very little, if any, benefit could be derived by the Las Cruces Country Club from the making of the street as the Country Club property sits some 30–40 feet above the roadway." Another material issue of fact is whether there was sufficient compliance by appellant with the provisions of § 14–32–14, N.M.S.A. 1953, relating to the notice of assessment. These controverted issues cannot be determined as a matter of law. See cases previously cited.

Summary judgment is reversed and the cause is remanded to the trial court with directions to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

TACKETT and WATSON, JJ., concur.