EDMONDSON ET AL., APPELLANTS, *v.* MOTORISTS MUTUAL INSURANCE COMPANY, APPELLEE.

(No. 76-229—Decided November 10, 1976.)

Mr. *William I. Bubenzer* and Mr. *Arthur F. Freedman*, for appellants.

Messrs. *Rendigs, Fry, Kiely & Dennis* and Mr. *J. Kenneth Meagher*, for appellee.

*Per Curiam.* This controversy involves the demand of appellants for payment of a first party supplementary accidental death benefit. The legal issue upon which this dispute hinges relates to interpretation of the Insuring Agreement I provision of the insurance contract issued by appellee, captioned "Supplementary Payment—(Coverage C)." That provision declares that the company will pay $1,000 upon the death of the "named insured"; such "named insured" is defined in this provision as "a first named insured if an individual." This latter phrase ("first named insured") is defined in the Insuring Agreement III provision of the insurance contract as the individual first named in the declarations of the policy and, while a resident of such individual's household, the spouse of such individual and any relative of either.

The Supplementary Payment provision, declaring that "the named insured" means "a first named insured," is not self-explanatory. Although it is true that Insuring Agreement III refers to the unqualified word "insured," the phrase "first-named insured" is defined nowhere else in the policy. If appellee intended to exclude relatives of the named insured living in the same household from accidental death benefit coverage, appellee attempted to do so by declining to define terms in one section of the policy which require definition in a different section. This device leaves the policy open to differing reasonable interpretations.

Appellee contends that when an agreement contains both a general and a specific provision, the latter controls if the two may not otherwise be reconciled. That contention may generally be correct, but it is inappropriate in an instance when two contractual provisions cannot be reconciled due to an insurer's device as indicated above. This outcome is consistent with the holding in *Butche* v. *Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144, 187 N. E. 2d 20. That case held that when an insurance policy prepared by the insurer provides generally for a certain coverage, exclusions must be expressed or must arise by necessary implication from the policy language, and held further that in-

surance policies in language selected by the insurer and reasonably open to different interpretations are to be construed most favorably for the insured.

The instant insurance policy is in language selected by the insurer which is reasonably open to different interpretations; it is to be construed most favorably for the insured.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.