710 P.2d 89

**Phil WELDON, d/b/a De Anza Motor Lodge, Plaintiff-Appellee,**

v.

**COMMERCIAL UNION ASSURANCE COMPANY, Defendant-Appellant.**

**No. 15946.**

Supreme Court of New Mexico.

Dec. 19, 1985.

Rodey, Dickason, Sloan, Akin & Robb, Jonathan W. Hewes, Jill E. Adams, Albuquerque, for defendant-appellant.

Bradley & McCulloch, Sarah M. Bradley, Albuquerque, for plaintiff-appellee.

## OPINION

STOWERS, Justice.

Phil Weldon (Weldon) filed suit to recover damages under an insurance policy issued by Commercial Union Assurance Company (Commercial). After a non-jury trial, judgment was entered in favor of Weldon. Commercial appeals the trial court judgment. We reverse.

The following facts are pertinent to this appeal. Commercial issued an insurance policy to Weldon for coverage of the De Anza Motor Lodge (Lodge) between November 5, 1982 and November 5, 1983.

Section I of the policy defined property covered as follows:

BUILDING(S): Building(s) or structure(s) shall include attached additions and extensions; *fixtures*, machinery and equipment *constituting a permanent part of and pertaining to the service of the building(s);* materials and supplies intended for use in construction, alteration or repair of the building(s) or structure(s); yard fixtures; personal property of the insured used for the maintenance or service of the building(s), including fire extinguishing apparatus, outdoor furniture, floor coverings and appliances for refrigerating, ventilating, cooking, dishwashing and laundering (but not including other personal property in apartments or rooms furnished by the named insured as landlord); all while at the designated premises. (Emphasis added.)

Section II of the policy which defined property not covered stated:

This policy does not cover:

\* \* \* \* \* \*

B. *The cost of* excavations, grading or filling; foundations of buildings, machinery, boilers or engines whose foundations are below the undersurface of the lowest basement floor, or where there is no basement, below the surface of the ground; pilings, piers, *pipes, flues and drains which are underground;* pilings which are below the low water mark. (Emphasis added.)

On March 11, 1983, a leak developed in a gas pipeline of the Lodge. It is undisputed that the gas pipe in which the leak developed was underground. Business losses were incurred because of the interruption of business caused by the gas leak and subsequent repairs to the gas pipeline. Weldon filed a claim for coverage with Commercial to recover his business losses and the cost of repairing the pipeline. Commercial denied coverage because Section II of the insurance policy excludes coverage of underground pipes and flues. Weldon then filed suit. The trial court determined that the gas pipeline is a fixture constituting a permanent part of and pertaining to the service of the building, and that replacement of the gas pipeline required materials intended for use in construction, alteration, or repair of the building. Neither party disputes this determination on appeal. The trial court ruled that the policy is ambiguous because Section I provides coverage and Section II denies coverage. Since a court must construe ambiguities in an insurance policy so as to sustain indemnity, the trial court entered judgment in favor of Weldon. Commercial disagreed and filed this appeal.

On appeal, Commercial raises the following two issues:

1. Commercial is not liable to Weldon under the policy because the policy unambiguously states that it does not cover underground pipes and flues; and

2. The district court erred in failing to make a finding regarding the cause of the gas leak.

As to the first issue, Weldon argues that Sections I and II of the policy "when read together" create an ambiguity. When an ambiguity exists, the court must construe the policy so as to sustain indemnity. *King v. Travelers Insurance Co.*, 84 N.M. 550, 555, 505 P.2d 1226, 1231 (1973).

Commercial, on the other hand, contends that the policy is not ambiguous, but rather that the general rule of construction that a specific provision in an insurance policy governs over a general provision should apply in this case. Therefore, Section II, the specific provision which denies coverage of underground pipes and flues, governs over Section I, the general insuring provision.

We agree with Commercial that the policy in this case is not ambiguous. In the construction of insurance policies, the settled rule is that the policy must be considered as a whole. *Atlas Assurance Co. v. General Builders, Inc.*, 93 N.M. 398, 400, 600 P.2d 850, 852 (Ct.App.1979). "Moreover, a specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, even though the latter, standing alone, would be broad enough to include the subject to which the more specific provision relates." *Furtado v. Metropolitan Life Insurance Co.*, 60 Cal.App.3d 17, 25, 131 Cal.Rptr. 250, 255 (1976) (quoting *General Insurance Co. of America v. Truck Insurance Exchange*, 242 Cal.App.2d 419, 426, 51 Cal.Rptr. 462, 468 (1966). *See also California Packing Corp. v. Transport Indemnity Co.*, 275 Cal.App.2d 363, 370, 80 Cal.Rptr. 150, 155 (1969) ("Where general and specific provisions of an insurance policy differ as to its coverage or applicability, the specific provisions will prevail"). *See also Edmondson v. Motorists Mutual Insurance Co.*, 48 Ohio St.2d 52, 53, 356 N.E.2d 722, 723 (1976). (The general rule is "that when an [insurance] agreement contains both a general and a specific provision, the latter controls if the two may not otherwise be reconciled.") In other words, "general expressions of coverage in the insuring clause of an insurance policy do not render ineffective the limitations provided by exclusions stated in subsequent clauses of the policy." 13 *J. Appleman, Insurance Law and Practice* § 7387, at 181 (1976).

In this case, Section II of the policy governs. Section II is not ambiguous because it is not "fairly susceptible of two different constructions by reasonably intelligent men." *Atlas Assurance Co.*, 93 N.M. at 400, 600 P.2d at 852. Nor is Section II ambiguous when read together with Section I. Pipes come within the definition of covered property under Section I except when they are underground, as excluded in Section II. For the above reasons, the trial court's ruling that the policy provided for coverage of underground pipes is reversed.

We consider it unnecessary to discuss Commercial's second issue because the first issue is dispositive of this case.

The judgment of the trial court is reversed and judgment is entered in favor of Commercial.

IT IS SO ORDERED.

WALTERS, J., and GARCIA, Judge, Court of Appeals, concur.

FEDERICI, C.J. and SOSA, Senior Justice, dissenting without opinion.

RIORDAN, J., not participating.