735 P.2d 528

**STATE of New Mexico, and Gene Baca, Director, Purchasing Division, and Michael Trujillo, Director, Property Control Division, General Services Department, State of New Mexico, Plaintiffs-Appellees,**

v.

**INTEGON INDEMNITY CORPORATION and Luis Araiza, d/b/a Hot Springs Electric, Defendants-Appellants.**

No. 16770.

Supreme Court of New Mexico.

April 8, 1987.

Simms & Garcia, Janice D. Paster, Albuquerque, for defendant-appellant Integon Indem.

Stout & Rubin, Jay Rubin, Truth or Consequences, for defendant-appellant Araiza.

Hal Stratton, Atty. Gen., Mary L. Marlowe, Asst. Atty. Gen., Santa Fe, for plaintiffs-appellees.

**OPINION**

SCARBOROUGH, Chief Justice.

The State of New Mexico, appellee, sought competitive bids for electrical work at the Los Lunas Central New Mexico Correctional Facility. Bids were solicited by an Invitation to Bid which provided as follows:

> Each bid shall be accompanied by a bid security in the amount of five percent (5%) of the bid amount pledging that the bidder will enter into a contract with the Owner on the terms stated in his bid and will furnish bonds covering the faithful performance of the contract and the payment of all obligations arising thereunder. Should the bidder refuse to enter into such contract or fail to furnish such bonds, the amount of the bid security shall be forfeited to the Owner as liquidated damages, not as a penalty.

Appellant Luis Araiza submitted a bid accompanied by a bond as bid security conditioned as required by the Invitation to Bid, on his behalf as principal and for Appellant Integon Indemnity Corporation as surety. The bond was not signed by Araiza.

At the public bid opening, Araiza was informed that he had submitted the low bid, but he failed to provide the performance and payment bonds as required in the Invitation to Bid. Araiza also subsequently signed a letter requesting that his bid be withdrawn. Ultimately, Araiza failed to enter into the contract for the electrical work. This litigation was initiated by the State to recover from Araiza and Integon, his surety, on the bond pledged by both as required by the Invitation to Bid. The trial court granted the State's motion for summary judgment. We affirm.

Appellant's first point asserts that the State failed to establish a prima facie case showing it is entitled to summary judgment as a matter of law. The facts in this case were submitted to the trial court on the record below by means of admissions of the parties and affidavits. The salient facts are not in conflict. Under SCRA 1986, 1-056(C), a summary judgment is proper if it is shown that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant must establish a prima facie case showing there is no genuine issue of material fact in order to be entitled to summary judgment. *Lackey v. Mesa Petroleum Co.*, 90 N.M. 65, 559 P.2d 1192 (Ct.App.1976). The trial court is obliged to view the pleadings, affidavits and depositions in the light most favorable to the party opposing the motion. *Las Cruces Country Club, Inc. v. City of Las Cruces*, 81 N.M. 387, 467 P.2d 403 (1970).

The applicable law, since repealed, is found in NMSA 1978, Section 13-1-1, *et seq.*, the Public Purchases Act. Section 13-1-10 provides that the contract award shall be made by the governing authority of the user. Appellants argue that the contract was to have been awarded only by the Department of Corrections as the governing authority of the user, Los Lunas Central Correctional Facility. We disagree.

The award was actually made by Roy Laub, the State's construction manager. Section 13-1-10 does not preclude the Department of Corrections from using the services of the State construction manager for the purpose of awarding the electrical contract in this case. Appellants now attempt to attach rigidity and inflexibility to the bidding process by a stilted reading of the Public Purchases Act. However, appellants expressed no objection to the bidding procedures until after Araiza withdrew his bid and was faced with the State's efforts to secure forfeiture of the bid bond; nor was there any objection in the record that the State's construction manager lacked authority to handle the bid opening and make the award on behalf of the State. We find that it is not inappropriate for the Corrections Department to act through its designated agent in awarding the contract.

Appellants also object that the State gave no formal notice to Araiza that he was the lowest bidder or that the contract was awarded to him. Appellants assert that a formal notice of award should have been mailed to the bidder, Araiza, and the State's construction manager, under Section 13-1-10. This objection is without merit. The State argues that the actual notice which was given was adequate notice. We agree. The bids were opened at a public hearing and Araiza was informed at that time that he was the low bidder. No other formality was required.

Appellants argue that the trial court erred in granting summary judgment because the State failed to produce evidence that it had reviewed Araiza's bid for legal sufficiency. No authority is cited as support and we decline to review this point.

Appellants also argue that Laub wrongfully induced Araiza to sign the letter requesting withdrawal of his bid. The record does not support this contention. In fact, Araiza had submitted an earlier bid for the same contract which he had also withdrawn. Laub helped Araiza withdraw his first bid without a bond forfeiture.

 

Within ten days of the second bid opening, Laub spoke to Araiza several times and learned that Araiza had not secured the performance and payment bonds required by the Invitation to Bid. Laub admits that he decided to "exact" a withdrawal of the bid from Araiza so the contract could be awarded to another bidder. This was done. There is nothing sinister in this process. Laub was justifiably concerned about the ability of Araiza to perform the construction contract and Laub took a reasonable course of action to protect the State's interest. Nowhere in appellant's brief is it stated that Araiza was at any time ready, willing or able to perform the work for which he submitted the low bid. Appellants' argument is totally lacking in merit. Indeed it is spurious.

■ Araiza failed to sign the bond he submitted as bid security to comply with the Invitation to Bid. Appellants argue that a fact question exists as to whether the absence of Araiza's signature on the bid bond rendered the bond unenforceable. We disagree. The bond bound Araiza and Integon in the amount of the bond, jointly and severally, to pay the State 5% of the bid amount unless Araiza entered into a contract with Los Lunas Correctional Facility on the terms stated in his bid and furnished the requisite performance and payment bonds covering the contract.

The State argues that the absence of the signature did not affect the validity of the bond. We approve the rule which provides that the failure of the principal to sign a bond or similar undertaking does not render the bond unenforceable absent a showing that the surety's obligation was in some way conditioned upon the signature of the principal. *Johnson v. Gray*, 75 N.M. 726, 729, 410 P.2d 948, 950 (1966). The State was not put on notice to make further inquiry because Araiza's signature was missing from the bond. Integon has not shown that its obligation as surety on the bond was conditioned upon the signature of the principal and Integon's obligation on the bond is not in dispute otherwise. There are no factual issues in dispute here. The question is one of law

which the trial court correctly decided. We note that the appellants' citations to *M.J. O'Fallon Supply Co. v. Tagliaferro*, 29 N.M. 562, 224 P. 394 (1924) and *Hendry v. Cartwright*, 14 N.M. 72, 89 P. 309 (1907) are misleading in that those cases involved the absence of the surety's signature on the bond in contrast to the present case in which the principal's signature is missing.

The trial court's award of summary judgment was proper and we affirm.

IT IS SO ORDERED.

SOSA, Senior Justice, and RANSOM, J., concur.