### Preferred Risk Group v. Beachy
*[Cite as 8 AOA 446]*

*Case No. 14572*
*Summit County, (9th)*
*Decided November 7, 1990*

*James W. Slater, 1714 First Nat'l. Tower, Akron, Ohio 44308, for Plaintiff.*

*Edward H. Corbett, One Cascade Plaza, Suite 1800, Akron, Ohio 44308, for Defendants.*

CACIOPPO, J.

Plaintiff-appellant, Preferred Risk Group (Preferred), insured two vehicles in the Beachy family. The first vehicle, a 1978 Buick, was insured by Orvan Beachy, Sr., while the second, a 1976 Ford, was insured by Orvan Beachy, Jr. The Beachys were informed by Preferred that the policies would not be renewed at the end of their term. The insurance on the Buick was to run through November 1, 1984, while the insurance on the Ford was to run through December 4, 1984. The reason for the non-renewal was Orvan Beachy, Jr.'s driving record.

In order to obtain insurance on the Buick, Janet Beachy, Orvan Beachy, Sr.'s wife, went to a State Farm Insurance agent, accompanied by her daughter, Margaret Roach. A conversation between the agent and Mrs. Beachy ensued and a thirty-day binder was executed. Mrs. Beachy and Mrs. Roach claim that the agent represented that Orvan Beachy, Jr. would be covered under the policy and that if any problem arose in this regard, Mrs. Beachy would be contacted. The agent, on the other hand, testified that he informed Mrs. Beachy and Mrs. Roach that Orvan Beachy, Jr. would be excluded under the policy due to his driving record and the corresponding State Farm regulations.

On November 23, 1984, Orvan Beachy, Jr. had an accident while driving the Buick. Relying on the claimed exclusion, State Farm denied coverage. Preferred settled and paid the claim pursuant to Orvan Beachy, Jr.'s Ford policy, which provided excess coverage for him when operating other vehicles. Preferred then brought the action at bar in Summit County Common Pleas Court seeking a declaration that State Farm was the primary insurer at the time of the accident and that Preferred's liability was limited to amounts in excess of the State Farm coverage. The trial court found in State Farm's favor.

### Assignment of Error I

"The trial court erred as a matter of law when it ruled that the State Farm coverage excluded Orvan Jr.'s accident which occurred after issuance of the binder without the exclusion, and before issuance of the insurance policy containing the exclusion."

The primary issue in this assignment of error is whether Orvan Beachy, Jr. was excluded from coverage by State Farm during the period of the binder.

It is well established that an insurance policy is a contract and that the relationship between the insured and the insurer is,. purely contractual in nature. *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St., 3d 107, 109. The primary principle pertaining to the construction and interpretation of Insurance contracts is that the intention of the

parties should control. *Hahn v. Ranson* (1972), 351 F. Supp. 318, 322. This intention must be proved from written Contractual matters expressed by the parties. *Olmstead v. Lumbermens Mutl. Ins. Co.* (1970), 22 Ohio St. 2d 212, 217.

In the case *sub judice,* the intent of the parties is not apparent from the face of the binder. While Orvan Beachy, Sr. and Janet Beachy are listed as the insureds and drivers of the Buick, this is not in itself dispositive as a person driving the car with the Beachy's permission would also generally be covered by a policy. In addition, the binder, above the agent's signature provides:

"STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY of Bloomington, Illinois, hereby binds as of the requested effective date for a period of 30 days from such date the Insurance applied for, subject to all of the terms and conditions of the automobile policy and applicable endorsements in current use by such Company. The issuance by the Company of the Declarations page of the policy applied for voids this binder."

Due to the ambiguity of this provision, it is not possible to tell whether State Farm is referring to a general policy of insurance or the specific policy to be issued in the future to the Beachys.

To be valid, a contractual restriction on insurance coverage must be conspicuous, written in terminology easily understood by lay persons, and the customer must agree to the restriction. *Sexton v. State Farm Mutl. Ins. Co.* (1982) 69 Ohio St. 2d 431, 433, at fn. 2. When an insurance policy prepared by the insurer provides for general coverage, exclusions from such coverage must be expressed or must arise by necessary implication from the policy language. *Edmonson v. Motorists Mut. Ins. Co.* (1976), 48 Ohio St. 2d 52, 53. Where the provisions of a contract of insurance are reasonably susceptible to more than one interpretation, they will be construed strictly against the insurer and in favor of the insured. *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St. 3d 63, 65. An insurer that selects language in a contract must be specific in its use, and an exclusion from liability must be clear and exact in order to be given effect. *Id.*

In the case at bar, the language of the binder is of such an ambiguous nature that it fails to provide the clear, exact, and specific language required for an exclusion. In addition, contrary to the assertions of the appellee, the language of the binder is too ambiguous to incorporate the terms of the subsequently issued policy which contained the exclusion. Accordingly, any question as to an exclusion should have been resolved in favor of the Beachys and Preferred rather than in favor of the exclusion.

As such, we find the first assignment of error to have merit.

### Assignment of Error 2

"The trial court erred in suggesting that termination of the Preferred Risk Insurance policy may have been ineffective. In light of the evidence and applicable presumptions, the court was required to conclude that the policy was properly terminated in accordance with law."

The Findings, Decision and Judgment Entry of the trial court states:

"***

"There is a serious question in this case as to whether or not the Preferred Risk policy covering the 1978 Buick automobile was, in fact, cancelled in the light of R.C. Sec. 3937.31, et. seq. because of the mandatory 2-year policy period provisions of that statute. The Court was not provided with enough evidence to consider the cancellation issue in the light of that statute."

The record indicates that this issue was not addressed by the parties nor was there evidence introduced on the issue. In light of the above quotation and the trial court's refusal to address the cancellation issue, this Court fails to see how Preferred was prejudiced by the trial court's statement. Accordingly, the second assignment of error is without merit and is overruled.

The judgment of the trial court is reversed.

CIRIGLIANO, J., concurs.

QUILLIN, P.J., dissents.

QUILLIN, P.J., dissenting.

I respectfully dissent.

This declaratory judgment action was tried to the court without a jury. The proper beginning point is the findings of fact by Judge Morgan, the trial judge.

The trial judge found that the Beachys told Gene Ellis, the State Farm Agent, that their insurance on their Buick had been cancelled because of their son's driving re-

cord. In the Beachys' presence, Ellis called the home office of State Farm and told State Farm officials of the problem with covering the son. Ellis told Mrs. Beachy he could not issue a policy to them unless their son was excluded from coverage. The application for insurance, which includes the binder upon which the majority relies, represents that no member of the household had within five years been convicted or forfeited bail for a traffic violation. The son, of course, resided in the household. The son was not listed as a driver of the vehicle. The rates charged were based on the son being excluded from coverage.

Just as the parties had agreed, the policy when issued included a driver exclusion which specifically excluded coverage for the son, Orvan Beachy, Jr.

A valid contract of insurance may be oral, and the assent of the parties to the terms of the agreement may be shown by their acts and attending circumstances, as well as by the words they have employed. *Machine Co. v. Insurance Co.* (1893), 50 Ohio St. 549, paragraph one of the syllabus, *Zimmerman Leasing Co. v. Williams* (Sept. 17, 1989), Lorain App. No. 4543, unreported. When nothing is said in the negotiations about special conditions of the policy, it will be presumed that those which were usual and customary were intended. *Machine Co.*, paragraph two of syllabus; *Zimmerman, supra.* Binders are not intended to include all contract terms, and one must always look to the formal policy subsequently issued for a complete statement of the agreement. See *Orsi v. Aetna Insurance Co.* (Wash. App. 1985), 703 P. 2d 1053, 1059; *Allstate Insurance Co. v. Old Republic Insurance Co.* (N.C. 1980), 270 S.E. 2d 510, 514; *State Automobile Mutual Insurance Co. v. Babcock* (Mich. 1974), 220 N.W. 2d 717, 722.

If we accept the trial judge's findings of fact, and no one suggests we should not, the judgment must be affirmed.

The Beachys intended to buy, and State Farm intended to sell, an insurance policy which excluded the son from coverage. That is what the Beachys paid for and that is what they got. Preferred Risk Group, a stranger to the policy, now seeks to create an ambiguity where none existed between the parties to the contract.

I would affirm the judgment.