1998-NMCA-083

960 P.2d 839

**Joe E. CASIAS and Georgina Casias, Husband and Wife, Plaintiffs–Appellants,**

**v.**

**CONTINENTAL CASUALTY COMPANY, a foreign insurance company registered with and doing business in the State of New Mexico, Defendant–Appellee.**

**No. 18216.**

Court of Appeals of New Mexico.

May 22, 1998.

David Graham, Law Firm of David Graham, Taos, for Plaintiffs-Appellants.

Daniel W. Lewis, J. Michael Roberts, Hatch, Allen & Shepherd, P.A ., Albuquerque, for Defendant-Appellee.

## OPINION

PICKARD, Judge.

{1} Georgina and Joe Casias (Plaintiffs) filed a complaint against Continental Casualty Company (Insurer) based upon a combined homeowner and automobile insurance policy entered into between Insurer and Octaviano and Elvira Valdez (Valdez). Plaintiffs, who were injured in a car accident with Derek Valdez, the insured's son, claim that they are intended third-party beneficiaries under the insurance policy and are entitled to medical-payment-coverage benefits. Plaintiffs also asserted a claim against Insurer for bad faith refusal to pay. On cross motions for summary judgment, the trial court ruled in favor of Insurer and against Plaintiffs, concluding that Plaintiffs were not intended third-party beneficiaries under the Valdez policy. Plaintiffs appeal and we affirm.

## FACTS

{2} Plaintiffs were involved in a motor vehicle accident. The driver of the vehicle which struck Plaintiffs was covered by a comprehensive combined homeowner and automobile liability policy issued by Insurer to the driver's father. Plaintiffs suffered personal injuries and made a claim against the driver. Plaintiffs requested that Insurer pay their medical bills in accordance with the medical-expenses-payment policy provision. Insurer refused, stating that the provision did not apply to Plaintiffs. Plaintiffs settled their claim against the driver for $100,000, the limits available under the liability portion of the insurance policy, and they reserved their right to try to recover $10,000 more under the medical-expense provision of the policy.

{3} Plaintiffs filed a complaint against Insurer seeking payment for their medical expenses. Plaintiffs also claimed that Insurer's denial of payment was a bad faith refusal to pay a meritorious claim. Insurer filed a motion for summary judgment alleging that Plaintiffs were not third-party beneficiaries under the insurance policy and that even if Plaintiffs had enforceable rights, Insurer was entitled under the policy to an offset for medical expenses against the amount paid in the liability settlement. Plaintiffs filed a cross motion for summary judgment stating that they were entitled to medical-expense payments because they were third-party beneficiaries and that Insurer was not entitled to an offset. The trial court granted summary judgment in favor of Insurer and denied Plaintiffs' motion. Plaintiffs appeal.

## DISCUSSION

{4} Summary judgment is appropriate if no genuine issues as to any material fact exist, so that the movant is entitled to judgment as a matter of law. *See State v. Integon Indem. Corp.*, 105 N.M. 611, 612, 735 P.2d 528, 529 (1987). If the legal effect of undisputed facts is all that remains to be decided, summary judgment is appropriate. *See Gardner–Zemke Co. v. State*, 109 N.M. 729, 732, 790 P.2d 1010, 1013 (1990).

{5} Plaintiffs contend that they are entitled to medical-expense-coverage benefits under the Valdez insurance policy. Plaintiffs explain that the medical-expense provision of the policy can be reasonably interpreted to extend coverage to persons, such as Plaintiffs, who are injured in an automobile accident caused by the insured or a covered person. The medical-expense provision states:

We pay up to $5,000 for medical expenses incurred or medically ascertained within three years from the date of accident. This limit applies to each person injured. "Medical Expense Coverage" applies:

1. If caused by a motor vehicle or boat accident; and

2. If sustained by you or any covered person or a person occupying your motor vehicle or boat.

3. To anyone on an insured location with the permission of you or any covered person; or

4. To anyone off an insured location, if the bodily injury:

   a. Arises out of a condition in the insured location or the ways immediately adjoining; or

   b. Is caused by the activities of you or any covered person; or

   c. Is caused by a residence employee in the course of the residence employee's employment by a covered person; or

   d. Is caused by an animal owned by or in the care of a covered person.

Coverage under 3. and 4. above does not apply to you or regular residents of your household other than residence employees at any insured location.

Any amounts otherwise payable for expenses under this coverage shall be reduced by: any amounts paid or payable for the same expense under any other section of this policy; or, any amounts paid or payable under any other policy for the same expense.

Plaintiffs claim that they were injured off premises by the activities of a covered person, and therefore under subsection 4(b), they are third-party beneficiaries and entitled to recover their medical expenses under this section of the policy.

{6} Insurer disagrees with Plaintiffs' interpretation of the medical-expenses provision. Insurer claims that Plaintiffs focus too narrowly on the language of subsection 4(b) instead of reading the entire provision as a whole. *See Weldon v. Commercial Union Assurance Co.*, 103 N.M. 522, 524, 710 P.2d 89, 91 (1985). Insurer argues that reading the entire provision as a whole demonstrates that Plaintiffs are not intended third-party beneficiaries of the medical-expense provision.

{7} Insurer explains that the Valdez policy issued is a combined homeowner and automobile liability policy. According to Insurer, subsections 1 and 2, which provide coverage to the insured, a covered person, or an occupant of a covered motor vehicle, is the full extent of coverage for medical expenses arising from an automobile accident. Subsections 3 and 4, Insurer explains, provide two additional categories of medical-expense coverage unrelated to motor vehicle accidents. Subsection 3 concerns premises liability consistent with the standard coverage provided in homeowner insurance policies. Subsection 4 provides additional coverage to persons injured off premises by the activities of a covered person, but does not refer to automobile coverage. Insurer contends that subsection 4, like its predecessor subsection 3, concerns only injuries arising from a cause other than automobile accidents which are covered exclusively by subsections 1 and 2. Therefore, subsection 4 does not expand the class of person to whom medical-expense benefits are provided from an automobile accident, as Plaintiffs contend.

{8} Insurer also argues that the last paragraph of the medical-expense provision excuses it from paying medical expenses under the medical-expense provision because the same expenses were payable to Plaintiffs under another section of the policy, namely, the liability section pursuant to which Plaintiffs recovered policy limits. Although Plaintiffs claim, and the trial court agreed, that their damages exceeded the liability limits and Plaintiffs argue that their settlement with the driver specifically reserved their right to seek medical expenses under the medical-expense provision, these facts do not show that the amounts Plaintiffs recovered were not at least "payable" for their medical expenses under the liability section of the policy. Finally, Insurer also points to a portion of the policy establishing a "liability limit" which is the most that Insurer agreed to pay for liability and medical-expense cov-

erage. Plaintiffs' interpretation of the policy would exceed that contractual limit.

{9} Plaintiffs argue that Insurer's construction of its medical-expense provision is torturous and evidences an ambiguity in coverage that should be construed against Insurer. According to Plaintiffs, an equally reasonable interpretation of the provision is that subsections 1 and 2 limit recovery for medical expenses for the insured or members of the insured's household to circumstances involving automobile accidents and that the last paragraph of the medical expense provision takes something away that is provided for elsewhere. *See Vigil v. California Cas. Ins. Co.*, 112 N.M. 67, 811 P.2d 565 (1991) (construing policy that granted coverage in one section and excluded it in another as ambiguous, thereby requiring coverage).

{10} We acknowledge that theoretically the policy may contain an ambiguity over whether subsections 3 and 4 cover injuries arising from automobile accidents. If Insurer intended to exclude coverage under subsections 3 and 4 for injuries arising from automobile accidents, perhaps Insurer should have included some language in the policy clearly indicating that subsections 1 and 2 exclusively provided coverage for injuries arising from automobile accidents. Ordinarily, such an ambiguity would be construed in favor of the insured. *See Federal Ins. Co. v. Century Fed. Sav. & Loan Ass'n*, 113 N.M. 162, 167, 824 P.2d 302, 307 (1992). Nonetheless, Insurer argues that Plaintiffs are strangers to the contract and as such have no enforceable rights under the facts of this case because Plaintiffs are not entitled to rely on the ordinary rules of construction of insurance contracts until they have first established that they are intended beneficiaries. We agree.

{11} One who is not a party to a contract cannot sue to enforce it. *See Fleet Mortgage Corp. v. Schuster*, 112 N.M. 48, 49, 811 P.2d 81, 82 (1991). A third-party beneficiary, however, may have an enforceable right against a party to a contract. *See id.* The following statement from 4 Arthur L. Corbin, *Corbin on Contracts* § 776, at 18–19 (1951), which was adopted in *Permian Basin*

*Inv. Corp. v. Lloyd*, 63 N.M. 1, 7, 312 P.2d 533, 537 (1957), explains that:

> A third party who is not a promisee and who gave no consideration has an enforceable right by reason of a contract made by two others (1) if he is a creditor of the promisee ... or (2) if the promised performance will be of pecuniary benefit to him and the contract is so expressed as to give the promisor reason to know that such benefit is contemplated by the promisee as one of the motivating causes of his making the contract. A third party may be included within both of these provisions at once, but need not be. One who is included within neither of them has no right, even though performance will incidentally benefit him.

A person claiming to be a third-party beneficiary has the burden of showing that the parties to a contract intended to benefit the third party, individually or as a member of a class of beneficiaries. *See Jaramillo v. Providence Wash. Ins. Co.*, 117 N.M. 337, 343, 871 P.2d 1343, 1349 (1994); *Valdez v. Cillessen & Son, Inc.*, 105 N.M. 575, 581, 734 P.2d 1258, 1264 (1987); *see also Hoge v. Farmers Mkt. & Supply Co.*, 61 N.M. 138, 143, 296 P.2d 476, 479 (1956) (stating that one who claims to be a third-party beneficiary of an agreement made by others has the burden of proving that he was intended by the makers of the agreement to be such a beneficiary). The intent of the parties to a contract may be proven by "relying on the unambiguous language of the agreement itself, or, in the absence of such language, on extrinsic evidence such as the circumstances surrounding the execution of the agreement." *Hansen v. Ford Motor Co.*, 120 N.M. 203, 205, 900 P.2d 952, 954 (1995) (citation omitted).

{12} In this case, we have no evidence of Valdez's intent. There is no evidence in the record that tells us what Valdez's reasonable expectations were when they entered into the contract with Insurer. *See Sanchez v. Herrera*, 109 N.M. 155, 159, 783 P.2d 465, 469 (1989) ("The reasonable expectations of the insured ... provide the criteria for examining an insurance contract on the basis both of the actual words used and of unresolved issues that the insurance company has an obli-

gation to address."). In contrast to *Jaramillo*, in which there was no reason to pay separate premiums for certain coverage unless there was an intent to allow employees to stack, there is no such evidence in this case of the reasonable expectations of the insured on which the third party can rely to become recognized as a third-party beneficiary with enforceable rights under the contract. The medical-payments provision can rationally be construed as Insurer contends, and Valdez could just as rationally have intended to pay premiums based on that construction.

{13} Furthermore, it appears that Plaintiffs are not construing the contract as a harmonious whole, but rather are narrowly focusing on the language in subsection 4(b) out of proportion with the rest of the contract. By doing so, Plaintiffs ignore that the policy states that it is the agreement of the parties to the contract that Insurer will cover Valdez's liability up to the limits selected by Valdez. The policy protects Valdez by indemnifying them from liability. There is no unambiguous language in the policy that shows any intent by the buyer of the policy—Valdez—to protect Plaintiffs. Moreover, as noted before, Plaintiffs have not provided us with any extrinsic evidence to determine what the parties to the contract intended. All Plaintiffs have pointed to is arguably ambiguous language in the contract. We doubt that, read as a whole, the entire medical-expense provision was intended to provide medical-expense payments in addition to liability payments for medical expenses to a third party injured in an auto accident with a member of the Valdez family. But, even if Valdez could argue that the policy is ambiguous, Plaintiffs, without showing more, are not entitled to rely on the rule that ambiguities are construed against the insurer. *See Jaramillo*, 117 N.M. at 342, 343, 871 P.2d at 1348, 1349. Therefore, the trial court properly granted summary judgment to Insurer.

CONCLUSION

{14} We affirm.

{15} IT IS SO ORDERED.

BOSSON and WECHSLER, JJ., concur.