503 P.2d 332

**W. P. McKINNEY, Plaintiff-Appellee and Cross-Appellant,**

**v.**

**R. D. DAVIS, Defendant-Appellant and Cross-Appellee.**

No. 9455.

Supreme Court of New Mexico.

Nov. 22, 1972.

Crouch & Lenko, Las Cruces, Civerolo, Hansen & Wolf, Albuquerque, for defendant-appellant.

Martin & Martin, William L. Lutz, Las Cruces, for plaintiff-appellee.

## OPINION

STEPHENSON, Justice.

Mr. McKinney ("plaintiff") filed this action asserting himself to be a third party

beneficiary of a contract which required his employer, Mr. Davis ("defendant") to purchase workmen's compensation insurance. He alleged that he had been injured in the course of his employment and was entitled to damages. The trial court, sitting without a jury, determined that the plaintiff was a third party beneficiary of the contract in question and awarded him damages measured by the benefits specified in the Workmen's Compensation Act. Defendant appealed and plaintiff has cross-appealed questioning the court's award as to medical expenses and denial of the right to jury trial.

The Crops Research Division, Agricultural Research Service of the United States Department of Agriculture ("the government") and defendant entered into a certain contract relative to grazing and range improvement investigations with beef cows, calves and steers at the Jornada Experimental Range.

The purpose of the investigation was to determine the effect of different systems and intensities of grazing and other range improvement practices on the production of beef cows and calves and range forage with the objective of establishing proper range management procedures. Defendant was required, inter alia, to furnish certain livestock and labor. Plaintiff, a cowboy, was the labor furnished. The contract denominated the defendant as the "cooperator" and amongst his contractual obligations was the following:

"To protect the Cooperator, he must carry workman's liability and compensation insurance on all labor employed under this agreement. Proof of policy must be filed with the Government's representative."

The defendant did not purchase a "workman's liability and compensation insurance" policy, whatever that may be, nor workmen's compensation insurance. Rather, by way of compliance with the quoted portion of the policy he purchased a "Farmers & Ranchers Liability Policy." No proof of policy was filed with the Gov-

ernment. Plaintiff was injured in the course of his employment. The court determined that a workmen's compensation policy was required by the contract.

■ The decisive question is whether or not plaintiff was a third party beneficiary under the contract. This court has often considered third party beneficiary contracts. Although the thought has been expressed in differing ways, a prime requisite to this status is that the parties to the contract must have intended to benefit the third party, who must be something more than a mere incidental beneficiary. Permian Basin Investment Corp. v. Lloyd, 63 N. M. 1, 312 P.2d 533 (1957); Hoge v. Farmers Market and Supply Co. of Las Cruces, 61 N.M. 138, 296 P.2d 476 (1956). See also, 17 Am.Jur.2d Contracts § 304; 2 Williston on Contracts § 356A (3rd Ed.1959). Moreover, the burden of proof was on the plaintiff to show that he was the intended beneficiary. Hoge v. Farmers Market and Supply Co. of Las Cruces, supra.

■■ The initial inquiry then is whether or not the plaintiff was the intended beneficiary of this contract. Turning to the quoted portion of the contract, although the phrase "workman's liability and compensation insurance" is perhaps ambiguous, the phrase "to protect the Cooperator" is plain and clear. There is, therefore, nothing to construe or interpret. Absent any ambiguity, the provisions of the contract need only be applied. As we said in Hoge v. Farmers Market and Supply Co. of Las Cruces, supra:

"* * * where the terms of an agreement are plainly stated, without ambiguity, the intention of the parties must be ascertained from the language used, * * *".

See also, Walters v. Hastings, 84 N.M. 101, 500 P.2d 186 (1972).

Applying these precepts of contract law, we are bound to hold that the provisions concerning insurance were inserted to protect the Cooperator, simply because that is what the contract states in a plain and un-

ambiguous fashion and that is the end of the matter.

The same result is reached under authorities specifically dealing with claimed third party beneficiary contracts as we have announced predicated upon the law of contracts generally. In Permian Basin Investment Corporation v. Lloyd, supra, we said:

"Recognizing that it would be impossible to encompass all the third party situations which may conceivably arise under a single general statement, we approve the following statement from Corbin on Contracts, Vol. 4, § 776, pp. 18, 19:

'A third party who is not a promisee and who gave no consideration has an enforceable right by reason of a contract made by two others (1) if he is a creditor of the promisee or of some other person and the contract calls for a performance by the promisor in satisfaction of the obligation; or (2) if the promised performance will be of pecuniary benefit to him and the contract is so expressed as to give the promisor reason to know that such benefit is contemplated by the promisee as one of the motivating causes of his making the contract. A third party may be included within both of these provisions at once, but need not be. One who is included within neither of them has no right, even though performance will incidentally benefit him.' "

Applying the quoted principles to the facts of this case, it is clear plaintiff was not a creditor of the promisee, and we fail to see how it could be said that " 'the contract is so expressed as to give the promisor reason to know that such benefit is contemplated by the promisee as one of the motivating causes of his making the contract' " since the contract, which was prepared by the government, in terms stated that it was for the promisor's protection.

The plaintiff points out that our Workmen's Compensation Act (§ 59–10–1 N.M. S.A.1953 et seq.) does not apply to employers in farm and ranch operations (§ 59–

10–4, subd. A N.M.S.A.1953) and therefore the contract could not have been intended by the parties to protect the defendant, and must have been intended to benefit the plaintiff. While this may give rise to feelings of curiosity about why the provision was included, it scarcely warrants re-writing the contract for the parties or holding that their intention was different than what it was stated to be.

■ Finally, plaintiff advances an argument based upon distinguishing between motive and intent, predicated upon James Stewart & Company v. Law, 149 Tex. 392, 233 S.W.2d 558 (1950) and Hamill v. Maryland Casualty Company, 209 F.2d 338 (10th Cir. 1954) which seems to rely on the former.

James Stewart & Company v. Law was a case quite similar on the facts which held the contract under consideration to be a third party beneficiary contract. It is the case upon which plaintiff places his principal reliance here as he did below, and it drew the distinction between motive and intent. While there are differences between motive and intent, we are not convinced that dwelling upon them is particularly helpful here. We are concerned with intent rather than motive, except to the extent that the latter may furnish clues as to the proper construction of the former. Here, as we have said, no such construction is necessary.

Defendant seeks to distinguish James Stewart & Company v. Law, supra, by pointing out that the court there held the contract under consideration to be ambiguous before launching on its construction, whereas the one we are concerned with is not ambiguous in any material way. This may well be a valid point of distinction, but more to the point, we do not agree with the result of the Texas case or the rationale by which it was reached. The dissent to us seems better reasoned.

For the reasons stated, the judgment must be reversed.

As something of an aside for those who may share the court's curiosity as to why

the key phrase was included in the contract, a bit of delving into the record indicates that the person who compiled the contract on behalf of the Government did not know the difference between workmen's compensation and liability insurance and neither did the defendant. From this it is reasonable to conclude that the parties, by use of the phrase concerning protection of the Cooperator, probably did not intend very much of anything.

Our disposition of this case makes it unnecessary to consider other points argued by the defendant or the issues of the cross-appeal.

The judgment of the trial court is reversed.

It is so ordered.

COMPTON, C. J., and OMAN, J., concur.