FIRESTONE TIRE & RUBBER CO., APPELLEE, *v.* KOTALO ET AL., APPELLANTS; STRAND ET AL., APPELLEES.

(No. L-77-268—Decided August 4, 1978.)

*Mr. Willis P. Jones, Jr.,* and *Mr. Stephen A. Schaefer,* for appellant Joyce K. Kotalo.
*Mr. Edwin A. Coy.,* for appellant Nationwide Insurance Company.
*Mr. James F. Nooney,* for appellee Firestone Tire & Rubber Company.
*Mr. John A. Pietrykowski,* for appellee Home Insurance Company.
*Mr. Harold M. Steinberg,* for appellee William F. Strand.

POTTER, P. J. Defendant Joyce Kotalo was injured when her automobile was struck by a vehicle owned by plaintiff Firestone Tire & Rubber Company while being operated by William F. Strand, a Firestone employee. In case No. 74-0978, Ms. Kotalo sued Firestone and Mr. Strand for damages for personal injuries suffered in that accident. Prior to the trial of that action, Ms. Kotalo voluntarily dismissed Firestone as a defendant, without prejudice, and the cause proceeded to a non-jury trial with Mr. Strand as the sole defendant. The trial resulted in a judgment for Ms. Kotalo in the amount of $524,499.89. Thereafter, Ms. Kotalo, pursuant to R. C. 3929.06, filed a supplemental petition against Firestone to seek satisfaction of her judgment against Strand. Firestone then filed the instant action for a declaratory judgment that it had no obligation to pay all or any portion of the judgment recovered by Kotalo against Strand; that Home Insurance Company, likewise, had no liability to Kotalo; that Nationwide Insurance Company must pay so much of the judgment against Strand as is within the limits of the policy Nationwide issued to Strand[2]; and that Nationwide had no right to reimbursement from Firestone or Home. Firestone, Home and Ms. Kotalo filed motions for summary judgment. Firestone argued that Strand was not acting within the course and scope of his employment when the accident occurred, that Strand had no permission to drive the vehicle at the time of the accident and that even if Strand

---

[2] Nationwide paid $50,000 to Joyce Kotalo on behalf of its insured William F. Strand. This was the limit of its liability under the terms of the policy with Strand.

did have permission to drive the vehicle, Firestone was not liable to Kotalo. Home Insurance Company argued that its policy with Firestone insured Firestone against liability in excess of $500,000 and that since Kotalo was actually seeking satisfaction in an amount less than that, it had no liability to Kotalo. Kotalo argued that there was a genuine issue of material fact as to whether Strand was a permissive user of the vehicle, and that if Strand was a permissive user, Firestone's status as a self-insurer and its policy with Home Insurance obligated it to pay a portion of the judgment against Strand up to $500,000 and that Home was obligated to pay the rest of the judgment in excess of $500,000.

The pertinent parts of the trial court's decision and judgment entry are as follows:

"Although there has been much attention given to the nature of Firestone's coverage and its relationship with Home Insurance, those issues are not material unless Firestone is otherwise found to be liable herein. The form or nature of Firestone's coverage does not affect the basic liability issue. This result is not changed even though Kotalo chose to voluntarily dismiss Firestone in the original case and subsequently proceed on a Supplemental Complaint.

"As to the issue of Firestone's liability through its ownership of the vehicle and Strand's use thereof, the Court finds that there is no genuine issue as to any material fact.

"Upon consideration of the facts presented and the law, the Court finds that Strand operated the vehicle outside the scope of his employment with Firestone and that it was not operated with the express or implied permission of Firestone at the time of the accident.

"The Court further finds that Firestone does not have a duty to indemnify, or provide coverage for, Strand as a result of its maintaining a self-insurance status or because of the Financial Responsibility Act of Ohio.

"The Court further finds that the Motions of Firestone and Home Insurance for Summary Judgment are well taken and granted.

"Upon consideration thereof, the Court also finds that as to the Motion of Kotalo for Summary Judgment against Home Insurance there is no genuine issue as to any material

fact and that as a matter of law the said motion is not well taken and is hereby overruled.

"It is, therefore, Ordered Judgment be and hereby is granted in favor of the Firestone Tire & Rubber Company and the Home Insurance Company, with the costs herein assessed against Joyce K. Kotalo."

From that judgment appellants file the following assignments of error:

"I. The trial court erred in granting the motion for summary judgment of defendant-appellee, Home Insurance Company.

"II. The trial court erred in granting the motion for summary judgment of plaintiff-appellee, the Firestone Tire & Rubber Company."

The arguments of appellants are as follows:

"I. The trial court erred in granting the motions for summary judgment of Home and Firestone on the basis that, as a matter of law, Strand was not a 'Permissive User' of Firestones' vehicle at the time of the accident. Given the facts presented, and the inferences to be drawn therefrom, when viewed most favorably to Kotalo, reasonable minds could come to different conclusions with regard to whether or not Strand was using Firestones' vehicle within the scope of express or implied permission at the time of the accident.

"II. Firestone, through its contractual representations to Home, has undertaken broad self-insurance obligations which include the obligation to indemnify permissive users of its vehicles. Such obligations extend to and are enforceable by Strand, as well as by Kotalo, who claims through Strand as a subrogated judgment creditor."

Appellant Kotalo submits that she does not seek to impose liability upon Firestone under the theory of *respondeat superior*.

We find that the trial court did not err in holding that Strand had no express or implied permission to operate the Firestone truck at the time and place of the accident. Furthermore, Firestone, as a matter of law, has no obligation or liability because Firestone is not an insurer within the meaning of R. C. Title 39, nor is Firestone otherwise obligated to pay judgments against permissive users of its vehicles.

Firestone is a self-insurer to the extent of $500,000 within the meaning of R. C. 4509.72, which provides in pertinent part:

"(A) Any person in whose name more than twenty-five motor vehicles are registered in this state may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the registrar of motor vehicles as provided in division (B) of this section.

"(B) The registrar shall issue a certificate of self-insurance upon the application of any such person who is of sufficient financial ability to pay judgments against him."

Firestone has never been required to produce proof of financial responsibility which would obligate it to provide the more extensive insurance coverage set forth in R. C. 4509.45(D). Therefore, Firestone's obligation under Ohio's Financial Responsibility Law is to pay judgments against itself, not others. See *Moyer* v. *Aron* (1964), 175 Ohio St. 490. The existence of Firestone's policy of excess insurance coverage with Home Insurance Company does not change this result. Condition Q of that policy states:

"It is a condition of this policy that the policy or policies referred to in the attached 'Schedule of Underlying Insurances' shall be maintained in full effect during the currency of this policy except for any reduction of the aggregate limit or limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this policy. Failure of the Insured to comply with the foregoing shall not invalidate this policy but in the event of such failure, the Company shall only be liable to the same extent as they would have been had the Insured complied with the said condition."

Endorsement No. 7 of that policy states as follows:

"In consideration of the premium charged, it is agreed that inasmuch as the following coverages: Comprehensive General Liability, Products Liability and Automobile Liability are self insured (no primary being in force) then the following wording applies: Where reference in the Policy is made to Underlying Insurance, such reference is further extended to include 'self insurance.' Overwise all other remaining definitions, conditions and exclusions apply to these coverages."

Endorsement No. 7 recognizes that Firestone had no underlying insurance coverage and no obligation to Home to carry such when Firestone was self-insured under a state financial responsibility law. Thus, Firestone's obligations to Home were satisfied when Firestone qualified and maintained qualifications as a self-insurer in Ohio. As previously stated, under Ohio law Firestone is only obligated to pay judgments against itself and no judgments against permissive users of its vehicles. Moreover, whatever obligations were undertaken by Firestone to obtain the Home policy were for the sole benefit of Home. Ms. Kotalo as an injured third party is not a third-party beneficiary of the contract between Home and Firestone. See *McKinney* v. *Davis* (1972), 84 N.M. 352, 503 P. 2d 332; *Anderson* v. *Howard Hall Co., Inc.* (1965), 278 Ala. 491, 179 So. 2d 71. *Cf. Stickel* v. *Excess Ins. Co. of America* (1939), 136 Ohio St. 49; *Chitlik* v. *Allstate Ins. Co.* (1973), 34 Ohio App. 2d 193.

The first and second assignments of error are not well taken. The judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, J., concurs.

CONNORS, J., dissenting.   I find the assignments of error to be well taken.

As to assignment of error No. 1, I find that the trial court erred in granting the motions for summary judgment in favor of Home and Firestone on the basis that, as a matter of law, Strand was not a permissive user of Firestone's vehicle at the time of the accident. From the history of Strand's employment, his transfer to the Toledo area, his use of the vehicle for business and non-business uses, for personal reasons, such as transportation to Toledo and Delta and return, and given the facts presented and the inferences to be drawn therefrom and construing the evidence most strongly in favor of the party against whom the motion for summary judgment was sought, reasonable minds could come to different conclusions with regard to whether or not Strand was using Firestone's vehicle within the scope of expressed or implied permission at the time of the accident.

As to assignment of error No. 2, I agree with the majority that the fact that Firestone entered into an insurance contract with Home for losses in excess of $500,000 is not controlling. However, in my opinion, Firestone may be solely liable to the extent of $500,000. I agree that Firestone is not an insurer in the sense that it is not an insurance company. It is a self-insurer under the meaning of R. C. 4509.72(A) and (B). As noted by the majority, Firestone has never been required to produce proof of financial responsibility. Even so, I fail to see how it can escape the provisions of R. C. 4509.45(D). I cannot conceive of a corporation its size not having complied with this section and thus leaving itself uninsured. I must assume that pursuant to R. C. 4509.45(D) a certificate of self-insurance, as provided for in R. C. 4509.72, supplemented by an agreement by the self-insurer, is in effect. That agreement (assumedly filed with the Department of Insurance of the state of Ohio, which in turn qualifies Firestone [and others seeking to be self-insurers]) requires that with respect to accidents occurring while the certificate is in force, it will pay the same amounts that an insurer (presumably an insurance company) would have been obligated to pay under an owner's (Firestone) motor vehicle policy if it had issued such a policy to the self-insurer.

I would reverse and remand for a hearing on the merits as to assignment of error No. 1, with assignment of error No. 2 to abide the determination of assignment of error No. 1.