This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEEANCE JACKSON, as Personal Representative of the Wrongful Death Estate of MARVIN J. GARCIA, Deceased, and as Guardian and Next Friend of JAMES A. GARCIA, a minor, and CORA GARCIA**,

Plaintiffs-Appellants,

v.                                                        NO. 31,065

**CITY OF ALBUQUERQUE**,

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Roger Eaton
Albuquerque, NM

for Appellants

Stephanie M. Griffin
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

In this wrongful death action, Plaintiffs appeal from the district court's order dismissing the City of Albuquerque (the City) and the order denying Plaintiffs' motion to reconsider. [RP 116, 141] Plaintiffs raise three issues on appeal relating to whether the district court erred in dismissing the City because there has been no waiver of the City's immunity under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2009) (TCA). [DS 4-5] The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Plaintiff has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

Plaintiffs' complaint alleges that on New Year's Eve (December 31, 2007 - January 1, 2008), Micah Henry was served liquor while intoxicated at the District Bar. [RP 1-2, ¶¶ 3-4] After drinking at the District Bar, as well as other places, Henry drove through a red light about a mile or two from the bar into Plaintiffs' decedent's car, killing him. [DS 1] The lease agreement between the City and the other defendants, Atrisco, LLC and/or Triad Entertainment and their principals (Lessees) requires Lessees to obtain a minimum of one million dollars in liquor liability insurance and to certify to the City their compliance with the insurance requirements of the lease. [RP 3, ¶ 9] Lessees failed to obtain the insurance required by the lease.

[RP 3, ¶ 11] Plaintiffs further assert that the City breached the terms of the lease and "its obligations to the public" by failing to require Lessees to have the applicable liability insurance. [RP 3, ¶ 12] Plaintiffs assert that the City's breach constitutes the negligent operation and maintenance of a building for which the City waives its immunity from suit under Section 41-4-6 of the TCA.

In the memorandum, Plaintiffs contend that the order of dismissal should be reversed because discovery may show other ways that the City participated in the operation and maintenance of the premises besides failing to enforce the liquor liability insurance provisions of the lease between the City and Lessees. [MIO 2] Plaintiffs also contend that the district court and the calendar notice erred in failing to address Plaintiffs' argument that they are third-party beneficiaries of the contract between the City and the Lessees. [Id.] We are not persuaded.

While the City's motion to dismiss asserted multiple grounds for dismissal [RP 80], the district court's order ruled that sovereign immunity barred Plaintiffs' suit against the City, finding this ground dispositive. [RP 118, No. 8] We agree. The City, as lessor, leased the property to Lessees, who are in the business of operating and maintaining the premises as the District Bar. Plaintiffs are not a party to the lease agreement between the City and Lessees nor in privity of contract with them. As such, the only way that Plaintiffs could sue the City under the lease agreement would

be for Plaintiffs to show that they are third-party beneficiaries of it. *Fleet Mortg. Corp. v. Schuster*, 112 N.M. 48, 49, 811 P.2d 81, 82 (1991) (stating that a third-party may have an enforceable right against an actual party to a contract if the third-party is a beneficiary of the contract). The lease provisions do not, however, provide that Plaintiffs are the intended third-party beneficiaries of its rights and obligations. *See id.* at 49-50, 811 P.2d at 82-83 (stating that a third-party is a beneficiary if the actual parties to the contract intended to benefit the third-party); *see also Leyba v. Whitley*, 120 N.M. 768, 773, 907 P.2d 172, 177 (1995). Even if Plaintiffs were somehow able to show that they were third-party beneficiaries of the lease contract, Plaintiffs' claims against the City are barred because, as we discussed in the calendar notice, we agree with the district court that the City did not waive sovereign immunity under the TCA.

We review the applicability of the TCA de novo. *Godwin v. Mem'l Med. Ctr.*, 2001-NMCA-033, ¶ 23, 130 N.M. 434, 25 P.3d 273. "The TCA was enacted after this Court rejected common law sovereign immunity in *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975), *superseded by statute as stated in Electro-Jet Tool Mfg. Co. v. City of Albuquerque*, 114 N.M. 676, 845 P.2d 770 (1995). *See* §§ 41-4-1 to -29." *Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 8, 140 N.M. 205, 141 P.3d 1259. "The TCA grants all government entities and their employees general immunity from

4

actions in tort, but waives that immunity in certain specified circumstances." *Id.* (citing § 41-4-4). The waiver for "operation or maintenance of any building" in Section 41-4-6, allows individual claims against governmental entities that are based on "the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." *Id.* "For the waiver to apply, the negligent operation or maintenance must create a dangerous condition that threatens the general public or a class of users of the building." *Upton*, 2006-NMSC-040, ¶ 8 (internal quotation marks and citation omitted); *see also Castillo v. Cnty. of Santa Fe*, 107 N.M. 204, 207, 755 P.2d 48, 51 (1988) (holding that the waiver applies because the condition threatened the residents of the public building and their invitees).

Here, the City's failure to require Lessees to obtain liquor liability insurance did not, in and of itself, create a dangerous condition to the general public that led to Plaintiffs' decedent's death. *See, e.g.*, *Archibeque v. Moya*, 116 N.M. 616, 866 P.2d 344 (1993). In *Archibeque*, for example, a prison administrator negligently failed to check a list of names before placing an inmate into an area of the prison with his known enemies. 116 N.M. at 618, 866 P.2d at 346. In declining to equate this with negligent operation of a building under Section 41-4-6, our Supreme Court noted a difference between cases involving only a "discrete administrative decision" that did

5

not make the premises any more dangerous beyond "the reasonable and expected risks of prison life," and the cases demonstrating "a general condition of unreasonable risk from negligent security practices," for which the governmental entity does waive immunity under the TCA. *Archibeque*, 116 N.M. at 622, 866 P.2d at 350 (Ransom, J., specially concurring).

The City's failure to require Lessees to obtain liquor liability insurance did not create "a general condition of unreasonable risk from negligent security practices." *See id.* While the City's failure to enforce the insurance provisions of the lease may have led to the possible result that Plaintiffs may not be able to collect the full extent of their damages against Lessees, we know of no New Mexico case law that would extend the City's waiver of immunity under Section 41-4-6 to that extent.

**CONCLUSION**

We affirm the district court's decision to dismiss Plaintiffs' complaint against the City because the City did not waive its immunity under Section 41-4-6.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

6

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**