**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD HOWES,

    Plaintiff - Appellant,

v.

NEW MEXICO DEPARTMENT OF
HEALTH; THOMAS MASSARO;
RICHARD GROGAN, in their official and
individual capacities,

    Defendants - Appellees.

No. 22-2052
(D.C. No. 1:21-CV-00263-JB-SCY)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **EBEL**, and **EID**, Circuit Judges.
_____

Appellant Dr. Ronald Howes appeals from the district court's denial of his

motion to remand and dismissal of all his claims. We hold that the district court

properly denied Dr. Howes's motion to remand because Dr. Howes is neither a party

to nor a third-party beneficiary of the contract that was the basis of his motion to

remand. We also conclude that the district court correctly applied the test from

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

*Workman v. Jordan*, 32 F.3d 475 (10th Cir. 1994), to decide that Dr. Howes had not sufficiently alleged a violation of his liberty interests. Accordingly, we affirm.

## I.    BACKGROUND

### A.    *Factual History*[1]

"Dr. Howes is clinical psychologist who contracts with hospitals around the nation through [a] placement firm, Ap.Contractor.com." App. at 11. In turn, AP-Contractor.com relies on another firm, Locumtenens,[2] to provide "support and placement services" for the medical professionals it places at hospitals around the country. Supp. App. Vol. I at 12. Locumtenens entered into a contract (the "Services Contract") with Defendant New Mexico Department of Health ("NMDOH") for Dr. Howes to work at the New Mexico Behavioral Health Institute ("NMBHI"), starting in May 2020. The Services Contract was a "standard contract issued by [NMDOH] for services, and gave [NMDOH] rights to unilaterally terminate this contract while requiring [Locumtenens] to give 30 days' notice and an opportunity to cure." App. at 12. Dr. Howes claims he was a third-party beneficiary of the Services Contract.

To work at NMBHI, Dr. Howes needed a license to practice medicine in New Mexico. He was already licensed in four other states and had never experienced any

---

[1] Because this appeal concerns the grant of a motion to dismiss for failure to state a claim, this section treats as true all factual allegations in Dr. Howes's amended complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Dr. Howes alternates between referring to the placement firm as "Locumtenens" and "Locumtenans" within his complaint and his briefing. We refer to the company as Locumtenens in this order.

difficulties obtaining a reciprocal license before. While he awaited approval for his reciprocal New Mexico license, Dr. Howes worked at NMBHI under another doctor's supervision.

On June 25, 2020, Dr. Howes allegedly "received a phone call from Locumtenens informing him that someone from [NMDOH] had called Locumtenens and told [it] that Dr. Howes'[s] license" was suspended because of a complaint "that he was practicing medicine without a license." *Id.* at 12–13. Dr. Howes's supervisor at NMDOH did not know "anything about this allegation," and Dr. Howes alleges he "was not informed about any concerns with his performance prior to this" point. *Id.* at 13. Even so, Defendant Dr. Thomas Massaro, who was NMDOH's Chief Medical Officer, allegedly "made the decision that Dr. Howes should be immediately terminated." *Id.* Defendant Richard Grogan, NMBHI's hospital administrator, allegedly "had Dr. Howes immediately escorted off NMBHI premises" and caused his "employment and contract [to be] immediately terminated." *Id.* Dr. Howes alleges he was not given a written explanation for why he was terminated nor an opportunity to defend himself.

### B.     *Procedural History*

In February 2021, Dr. Howes filed a complaint in New Mexico state court against NMDOH, Dr. Massaro, and Mr. Grogan (collectively, "Appellees"). Dr. Howes brought claims against Dr. Massaro and Mr. Grogan under 42 U.S.C. § 1983 based on a violation of his property and liberty interests, and he brought two state-law claims against Appellees for (1) breach of an implied contract and (2) wrongful termination in breach of the implied covenant of good faith and fair dealing. In March 2021, Appellees removed

3

the case to the U.S. District Court for the District of New Mexico, asserting removal was proper because the district court had federal question jurisdiction under 28 U.S.C. § 1331 and § 1443.

Appellees then filed a motion to dismiss, attaching the Services Contract for the district court to consider.[3] Rather than respond to the motion to dismiss, Dr. Howes filed a motion to remand, along with a motion to stay all proceedings until the district court ruled on the motion to remand. In the motion to remand, Dr. Howes argued the Services Contract contained a mandatory forum-selection clause giving exclusive jurisdiction to the state courts of New Mexico, and that removal from New Mexico courts was improper under that clause. The district court held a hearing for all pending motions, at which the court denied the motion to stay, indicated "it likely would deny the" motion to remand, and ordered Dr. Howes to respond to the motion to dismiss. Supp. App. Vol II at 121.

Dr. Howes subsequently amended his complaint and responded to Appellees' motion to dismiss. In his amended complaint, Dr. Howes asserted that Mr. Grogan violated his right to due process under § 1983 by not providing opportunities to defend himself and by terminating him without sufficient notice. Dr. Howes alleged Dr. Massaro similarly violated § 1983 by immediately terminating him without allowing him an opportunity to be heard. For his state-law claims, Dr. Howes alleged Appellees were

---

[3] Because Dr. Howes's claims were predicated on an employment relationship under the Services Contract, the district court could have properly considered the contract at the motion-to-dismiss stage. *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005) ("[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss.").

liable for breaching the Services Contract, which in Dr. Howes's view did not allow

NMDOH to terminate him. And Dr. Howes alleged Appellees were liable for wrongful

termination in breach of the implied covenant of good faith and fair dealing, based on

NMDOH allegedly making defamatory statements about him to Locumtenens and

terminating him without providing an opportunity to be heard.

In March 2022, the district court entered an order denying Dr. Howes's motion to

remand and granting Appellees' motion to dismiss. In that order, the court noted it would

"issue at a later date . . . a Memorandum Opinion more fully detailing its rationale for this

decision." Supp. App. Vol. I at 77 n.1. In January 2023, the district court issued a 202-

page opinion fully explaining its reasoning.

The district court denied the motion to remand because it found Dr. Howes was

neither a signatory to nor a third-party beneficiary of the Services Contract, but was

instead only an incidental beneficiary. Thus, Dr. Howes was not entitled to enforce the

contract's forum-selection clause. The district court then granted the motion to dismiss as

to all claims. The court concluded that Dr. Howes had failed to state § 1983 claims

against Dr. Massaro and Mr. Grogan because (1) he had not adequately alleged the

existence of a cognizable property interest in his job with NMDOH; (2) he had not

plausibly alleged a cognizable violation of his liberty interests under the *Workman* test;

and (3) even if he had shown a violation of a liberty or property interest, he had not

alleged that this violation abridged a clearly established right for purposes of qualified

immunity. And the district court dismissed Dr. Howes's state-law claims, which were

predicated on the existence of a contractual relationship between Dr. Howes and

5

Appellees, because he had not adequately alleged the existence of a contractual relationship.

Dr. Howes now appeals the district court's decision.

## II.    STANDARD OF REVIEW

In reviewing the district court's refusal to remand the case, "we apply a de novo standard" if the district court's decision "turned on an analysis of the language and an application of the principles of contract interpretation, rather than upon the credibility of extrinsic evidence." *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (internal quotation marks omitted). Because here the district court's denial of the motion to remand turned on a question of law—whether Dr. Howes was a third-party beneficiary of the Services Contract who could seek enforcement of the forum-selection clause—we review the district court's ruling on the motion to remand de novo. *See Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1092 (10th Cir. 2019) ("[Q]uestions of contract interpretation are reviewed de novo.").

We also review de novo the district court's dismissal for failure to state a claim. *E.W. v. Health Net Life Ins.*, 86 F.4th 1265, 1280 (10th Cir. 2023). In deciding whether to dismiss claims under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of the complaint are accepted as true and viewed in a light most favorable to the nonmoving party." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Rather, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We similarly review de novo a dismissal based on qualified immunity. *See Apodaca v. Raemisch*, 864 F.3d 1071, 1075–76 (10th Cir. 2017).

## III.    DISCUSSION

Dr. Howes challenges the district court's denial of his motion to remand, arguing the district court should have remanded the case in accordance with the Services Contract's forum-selection clause. Dr. Howes also argues that the district court erroneously applied the *Workman* test and thus wrongly dismissed his § 1983 claims.[4] We affirm the district court's rulings on both points.

### A.    Motion to Remand

Dr. Howes asserts that the district court improperly denied his motion to remand because, in his view, he did not have to demonstrate he was a third-party beneficiary of the Services Contract but rather, as soon as the district court concluded the forum-selection clause was valid, "the case should have been remanded to the required forum for any and all further analysis." Appellant's Br. at 19. For their part, Appellees argue Dr. Howes needed to demonstrate his entitlement to enforce the Services Contract,

---

[4] Dr. Howes does not specifically argue that the district court erred by dismissing his state-law claims or by concluding that he lacked a cognizable property interest in his job. Rather, he generally argues that the district court misconstrued all his "claims in a light least favorable to him . . . to determine that they should all be dismissed." Reply Br. at 16. Such generalized arguments do not merit appellate review. *See Moore v. Subaru of Am.*, 891 F.2d 1445, 1453 (10th Cir. 1989) (refusing to review "general claims of error"). Therefore, we confine our analysis to the two issues listed above.

because the mere "fact that the forum selection provision exists in a contract to which he is not a signatory" does not justify a remand. Appellees' Br. at 20. They further assert that Dr. Howes has not established that the district court should have applied the law differently.

At the outset, neither party argues the district court wrongly interpreted the Services Contract under New Mexico law. Dr. Howes does argue that federal common law indicates the district court should have enforced the Services Contract's forum-selection clause and remanded the case. But he also argues the district court "properly enforced the [Services Contract's] Choice of Law provision," Appellant's Br. at 16, which states that New Mexico law governs the contract. Our general rule is that when a contract "has both choice-of-law and forum-selection provisions, the forum-selection provision must ordinarily be interpreted under the law chosen by the parties." *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 421 (10th Cir. 2006); *see also Kelvion*, 918 F.3d at 1092 n.2 ("In this circuit, forum-selection clauses are also construed according to the governing law selected in the contract."). Absent any argument as to why we should apply federal common law instead of the contracting parties' choice of law, we look to New Mexico law to decide whether Dr. Howes is entitled to enforce the Services Contract's forum-selection clause. *See Colony Ins. v. Burke*, 698 F.3d 1222, 1229 (10th Cir. 2012) (relying on Oklahoma law to determine whether a party had standing to bring suit under a contract governed by Oklahoma law).

1.      **Relevant New Mexico Law**

In New Mexico, the general rule is that "one who is not a party to a contract cannot maintain suit upon it." *Great Am. Ins. Co. of N.Y. v. W. States Fire Prot. Co.*, 730 F. Supp. 2d 1308, 1316 (D.N.M. 2009) (quoting *Fleet Mortg. Corp. v. Schuster*, 811 P.2d 81, 82 (N.M. 1991)). However, "[a] third party may be a beneficiary of such contract, and as a beneficiary may have an enforceable right against a party to a contract." *Fleet Mortg. Corp.*, 811 P.2d at 82; *Callahan v. N.M. Fed'n of Tchrs.-TVI*, 131 P.3d 51, 58 (N.M. 2006) ("A third-party may have an enforceable right against an actual party to a contract if the third-party is a beneficiary of the contract."). "A third-party is a beneficiary if the actual parties to the contract intended to benefit the third-party." *Callahan*, 131 P.3d at 58. Otherwise, the individual is an "incidental beneficiary," which is "a person who is neither the promisee of a contract nor the party to whom performance is to be rendered [but who] will derive a benefit from its performance." *Fleet Mortg. Corp.*, 811 P.2d at 83 (alteration in original) (citation omitted).

The parties' intent to benefit the third party "must appear either from the contract itself or from some evidence that the person claiming to be a third party beneficiary is an intended beneficiary." *Id.* (quoting *Valdez v. Cillessen & Son, Inc.*, 734 P.2d 1258, 1264 (N.M. 1987)). "Absent any ambiguity, the provisions of the contract need only be applied." *McKinney v. Davis*, 503 P.2d 332, 333 (N.M. 1972). But if "[t]he intentions of the parties to [the contract] are unclear, [] other evidence may be considered to clarify the ambiguities and determine what the parties intended." *Valdez*, 734 P.2d at 1264. "When construction of an agreement depends upon extrinsic evidence, the terms of the

9

agreement become a question of fact for the trier of fact to decide." *Id.* Either way, "the burden of proof [is] on the plaintiff to show that he was the intended beneficiary." *McKinney*, 503 P.2d at 333; *see also Jaramillo v. Providence Wash. Ins.*, 871 P.2d 1343, 1349 (N.M. 1994) ("The burden of proof is on the claimant to show that he or she belongs to the class of intended beneficiaries.").

## 2.    Application

The district court concluded that Dr. Howes failed to demonstrate his status as a third-party beneficiary of the Services Contract. In his complaint, Dr. Howes asserts that he is "a third-party beneficiary of the contract between [Locumtenens] and [NMDOH]." App. at 12. Dr. Howes contends that his status as a third-party beneficiary is a "question of fact [under] New Mexico [l]aw . . . because it involved the intent of the contracting parties." Appellant's Br. at 19. And Dr. Howes insists that the district court erred by considering this question of fact, and it should have instead remanded the case based on the mere presence of a forum-selection clause in the Services Contract.

The district court examined the Services Contract and concluded that Dr. Howes was "one of the 'Psychiatrists, Certified Psychiatric Nurse Practitioners or Psychiatric Clinical Nurse Specialists,' which Locumtenens will provide 'as needed by [NMDOH], to both In-Patient and Out-Patient facilities,'" and that such persons are "independent contractors." Supp. App. Vol. II at 248 (quoting the Services Contract). The court noted that the Services Contract does not enumerate the compensation that these independent contractors will receive, but instead refers only to payments NMDOH must make to Locumtenens. And the court found important that the contract expressly disclaimed

10

benefits commonly afforded to medical professionals employed by the state of New Mexico, such as insurance, retirement, leave, and other benefits. The court thus ruled that "the Services Contract's plain language suggests that the NMDOH and Locumtenens' purpose in contracting is for Locumtenens to provide employees to the NMDOH to provide psychiatric services." *Id.* at 251. The court found Dr. Howes had failed to show "that he is the Services Contract's intended third-party beneficiary, but is instead an incidental beneficiary." *Id.* at 252.

After reviewing the Services Contract de novo, we agree that Dr. Howes has not plausibly alleged he is a third-party beneficiary of the contract. The mere fact that the Services Contract contains a forum-selection clause does not mean that *anyone* can enforce it. A nonparty "to a contract cannot maintain suit upon" the contract. *Fleet Mortg. Corp*, 811 P.2d at 82. Dr. Howes thus must show he is a third-party beneficiary in order to seek enforcement of the Services Contract's provisions.

The Services Contract never mentions Dr. Howes nor indicates that NMDOH and Locumtenens were entering the contract for his benefit. The only parties to the contract are NMDOH and Locumtenens, and Locumtenens is referred to as the "contractor" therein. The contract does not contemplate a contractual relationship between NMDOH and the medical personnel provided by Locumtenens, but rather describes such personnel as "independent contractors" procured by Locumtenens. Supp. App. Vol. I at 32. The contract does not require either party to provide benefits to the medical personnel provided by Locumtenens, nor does it require NMDOH to pay such personnel—rather, NMDOH pays Locumtenens. In sum, the Services Contract does not indicate that the

11

parties entered the agreement for Dr. Howes's benefit—the contractual language reveals only that NMDOH and Locumtenens entered the contract to benefit themselves. Therefore, at most, Dr. Howes was an incidental beneficiary of the contract who merely "derive[d] a benefit from its performance." *Fleet Mortg. Corp.*, 811 P.2d at 83 (citation omitted).

Although Dr. Howes argues that whether he is a third-party beneficiary is a question of fact, he points to no extrinsic evidence requiring a factual finding.[5] *See Valdez*, 734 P.2d at 1264 (explaining that if "[t]he intentions of the parties to [the contract] are unclear," then "other evidence may be considered to clarify the ambiguities and determine what the parties intended"). Because Dr. Howes does not rely on extrinsic evidence, "the provisions of the contract need only be applied." *McKinney*, 503 P.2d at 333. This question of contract interpretation is a question of law under New Mexico law. *See Boatwright v. Howard*, 694 P.2d 518, 520 (N.M. 1985) ("Absent any ambiguity, the construction of a contract is a question of law.").

---

[5] Although on appeal Dr. Howes cites to Locumtenens' website as relevant to the parties' intent, he did not present this extrinsic evidence in his motion to remand. Even so, the website does not indicate that the Services Contract was intended to benefit Dr. Howes. Dr. Howes quotes the following text from the website: "LocumTenens.com is a healthcare recruiting agency that helps physicians, CRNAs, NPs, PAs and psychologists find the right job opportunities. We also work with healthcare facilities and government agencies that need help with their staffing needs." *See* Appellant's Br. at 35 (quoting LocumTenens.com, *Locum Tenens & Permanent Jobs*, https://www.locumtenens.com/ppc/sign-up-to-search-jobs/ (last visited Dec. 11, 2024)). This text indicates only that Locumtenens helps medical professionals find jobs. It sheds no light on whether the parties entered the contract at issue here—the Services Contract—with the intent to benefit Dr. Howes.

12

The burden is on Dr. Howes to demonstrate that he is a third-party beneficiary of the Services Contract and thus entitled to enforce the contract's forum-selection clause. *See McKinney*, 503 P.2d at 333. Dr. Howes has not pointed to any contractual language showing that the signatories intended to benefit him, nor has he submitted any extrinsic evidence indicating such an intent. In short, Dr. Howes has not carried his burden. Accordingly, we affirm the district court's denial of the motion to remand.[6]

### B.    Motion to Dismiss

Dr. Howes also challenges the district court's grant of Appellees' motion to dismiss. Dr. Howes argues the district court wrongly dismissed his § 1983 claims against Dr. Massaro and Mr. Grogan by "erroneously appl[ying] a five element test instead of the four element test" to conclude that he had not sufficiently alleged the violation of a protected liberty interest. Reply Br. at 16. We disagree.

To state a § 1983 claim against a government official for the deprivation of a liberty interest without due process, a plaintiff "must first show a liberty interest and then that the liberty interest was infringed upon." *Workman*, 32 F.3d at 480. Public employees possess a liberty interest in maintaining their "good name and reputation" for the purpose of obtaining future employment. *McDonald v. Wise*, 769 F.3d 1202, 1212 (10th Cir.

---

[6] Dr. Howes also asserts that NMDOH waived its right to remove the case by choosing to include a forum-selection clause in the Services Contract. "Generally, [a]n issue is waived if it was not raised below in the district court." *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1234 (10th Cir. 2018) (alteration in original) (internal quotation marks omitted). Dr. Howes did not raise this argument before the district court, and he articulates no reason why this court should consider his argument for the first time here. Accordingly, we do not address this argument.

2014). This court has established a four-element test to determine whether such a liberty interest has been infringed. *See Workman*, 32 F.3d at 481. Under *Workman*, (1) any defamatory "statements must impugn the good name, reputation, honor, or integrity of the employee"; (2) "the statements must be false"; (3) "the statements must occur in the course of terminating the employee or must foreclose other employment opportunities"; and (4) "the statements must be published." *Id.*

Relevant here, we have modified the *Workman* test's third element because, although the element is stated "disjunctively, it should have been phrased conjunctively." *McDonald*, 769 F.3d at 1212 n.3; *see Guttman v. Khalsa*, 669 F.3d 1101, 1126 (10th Cir. 2012) (noting that a defamatory statement must be made in the course of termination and that foreclosure from future employment cannot alone fulfill the third *Workman* prong); *Renaud v. Wyo. Dep't of Fam. Servs.*, 203 F.3d 723, 728 n.1 (10th Cir. 2000) ("While the language of *Workman* may be susceptible to another reading, we conclude that the *Workman* court did not intend to create a test under which a liberty interest might be infringed by any defamatory statement that might foreclose future employment opportunities."). We have thus repeatedly held that *Workman* claims require showing that a defamatory statement was both "made during the course of termination *and* forecloses other employment opportunities." *E.g.*, *Ellison v. Roosevelt Cnty. Bd.*, 700 F. App'x 823, 830 (10th Cir. 2017) (unpublished).

Dr. Howes argues our precedent requires *only* that plaintiffs allege the defamation took place in the course of the termination, rather than also requiring plaintiffs to allege the defamation foreclosed future employment opportunities. He asserts this lower

14

standard is justified because "termination is a tangible and actual damage, whereas foreclosure of future prospects is speculative." Appellant's Br. at 38. But this argument ignores controlling law. The requirement that statements must be made in the course of termination comes from *Paul v. Davis*, 424 U.S. 693 (1976), in which the Supreme Court "clearly require[d] that the defamation occur in the course of the termination of employment." *Renaud*, 203 F.3d at 728 n.1. And the requirement that plaintiffs must also allege a foreclosure of future employment also comes from *Paul*, because the Court held there "that an individual is deprived of a protected liberty interest 'where government action has operated to bestow a badge of disloyalty or infamy, *with an attendant foreclosure from other employment opportunity*.'" *Stidham*, 265 F.3d at 1153–54 (quoting *Paul*, 424 U.S. at 705). Both requirements are thus mandated by Supreme Court precedent. Moreover, both requirements make practical sense: defamatory statements made in the course of termination do not, on their own, curtail a terminated employee's liberty to go and find employment, which is why such an employee must also show the statements caused a "serious impairment of [his or her] future employment opportunities." *Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (discussing *Paul*).

Dr. Howes's argument thus is unavailing. Our precedent expressly states that the third *Workman* prong is conjunctive, and that the foreclosure requirement is just as necessary to establishing a violation of his liberty interest as is the termination requirement. *See McDonald*, 769 F.3d at 1212 n.3. The district court therefore did not err by requiring Dr. Howes to allege both that Appellees' alleged defamation occurred in the course of his termination *and* that it foreclosed other employment opportunities. And

15

critically, Dr. Howes does not argue that any facts in his complaint satisfy the foreclosure requirement. Accordingly, we conclude the district court properly dismissed the § 1983 claims for failure to state a claim.

## IV.    CONCLUSION

For these reasons, we AFFIRM the district court.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

**EID**, J., concurring in the judgment.

"For each issue raised on appeal, all briefs must cite the precise references in the record where the issue was raised and ruled on." 10th Cir. R. 28.1(A). Howes wholly fails to comply with this rule. He does not identify where he preserved any of the arguments he asserts on appeal, nor does he identify where in the record the district court erred. In fact, his opening brief is entirely devoid of *any* citations to the record.[1] Under these circumstances, we should hold that Howes waived consideration of his arguments by failing to adequately support his claims of error with the required citations to the record. Instead, the majority reaches the merits of his claims, and in the process, it unnecessarily opines on New Mexico third-party beneficiary law, among other things. Because I would affirm in this case based on Howes's lack of record citation, I respectfully concur only in the judgment.[2]

Start with Howes's motion to remand. He argues that the district court "considered what the intent of the contracting parties might have been, which is a question of fact not appropriate in a motion to dismiss." Aplt. Br. at 14. He also contends that NMDOH waived its right to remove the case by deciding to include a

---

[1] Howes does cite to the district court's opinion in his reply brief one time. But we have explained that citations to the record appearing for the first time in the reply brief do not merit our consideration. *See Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1259 (10th Cir. 2009) (collecting cases). As such, this fleeting citation does not change the analysis.

[2] As the majority correctly notes, Howes's arguments regarding the dismissal of his state law claims are too general to merit our review. I would reach this same outcome based on lack of citation to the record.

forum-selection clause in the contract. Howes does not, however, provide citations demonstrating that he raised those arguments below. Nor does he cite to where the district court considered these issues.

The same is true for Howes's remaining arguments. Although he states that the lower court "erroneously applied a five element test instead of the four element test" to determine whether a liberty interest has been infringed, Reply Br. at 16, he does not "cite the precise references in the record where the issue was raised and ruled on," 10th Cir. R. 28.1(A).

The consequences of his failure are clear. "[W]hen [an] appellant fails to provide record cites showing where [an] argument was raised below, we may assume [that] the appellant did not preserve the issue for appeal and refuse to review the alleged error." *BonBeck Parker, LLC v. Travelers Indem. Co. of Am.*, 14 F.4th 1169, 1177 n.4 (10th Cir. 2021) (internal quotation marks omitted). That is particularly true when, as here, the appellant does not argue plain error. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) (concluding that when an appellant both "fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise").

Even putting his failure to preserve aside, Howes's claims of error are inadequate because, as noted above, Howes fails to identify where in the record the district court erred. As we have cautioned parties, "reading a record should not be like a game of Where's Waldo?" *Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1268 (10th Cir. 2008)

2

(Gorsuch, J.). Without such a citation to the record, we are unable to evaluate the purported error in context and therefore cannot conclude that the district court erred.

"[A]ppellants must always shoulder a heavy burden—they must come ready *both* to show the district court's error and, when necessary, to explain why no other grounds can support affirmance of the district court's decision." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (Gorsuch, J.). That burden is not met where, as here, claims of error are general and not supported by adequate citation to the record. *See Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1141 (10th Cir. 2023) (explaining that a failure to comply with 10th Cir. R. 28.1(A), standing alone, justifies a refusal "to consider [appellants'] arguments"). Despite Howes's failure to include record citations, the majority forges ahead to consider the merits of Howes's appeal—unnecessarily opining upon, inter alia, New Mexico law governing third-party beneficiaries. Maj. Op. at 9–10. Because I would take a different course, I concur only in the judgment.